QUESTION:
Does state law governing the Florida Retirement System permit the administration of retirement funds in the manner required by Federal Comprehensive Employment and Training Act regulations29 C.F.R. § 98.25, effective October 1, 1977?
SUMMARY:
Chapter 121, F. S., the Florida Retirement System, does not permit the administration of retirement funds in the manner required by Federal Comprehensive Employment and Training Act regulations,29 C.F.R. § 98.25, effective October 1, 1977.
According to information furnished this office by the Department of Community Affairs, the United States Department of Labor has promulgated a revised regulation, 29 C.F.R. § 98.25, effective October 1, 1977, in an attempt to ensure that Comprehensive Employment and Training Act (hereafter CETA) funds are not used for retirement programs where CETA participants are not employed long enough to benefit from the retirement program. Under the revised regulation, CETA funds may be paid into retirement systems only in cases where CETA employees derive an actual benefit from such participation. After October 1, 1977, CETA funds may be paid into a retirement system only on behalf of those participants in on-the-job training, work experience, and public service employment in public or private nonprofit agencies who obtain vested rights in the program or unsubsidized employment and retain the retirement benefit. See 29 C.F.R. § 98.25(a)(1)-(3). However, because some states currently require that CETA employees become members of state retirement systems, the regulations permit the regional administration, with the approval of the regional solicitor, to grant an extension of time to a prime sponsor or eligible applicant who is located in a state where state law prohibits the implementation of procedures required by s. 98.25. Such an extension may be granted for not more than 1 calendar year or up to the end of the next regular session of state legislature, whichever occurs first. An extension may be granted only upon a showing by a legally supported opinion of the state attorney general that the legislature must change or modify a particular state law or laws so that the prime sponsor or eligible applicant may comply with s. 98.25 in the case of CETA funds and that the procedures required by s. 98.25 may not be legally implemented by order of the governor or by other executive authority.
Section 121.051, F. S., requires participation in the Florida Retirement System by all officers and employees employed on or after December 1, 1970. As used in Ch. 121, F. S., an officer or employees is defined at s. 121.021(11) as
 . . . any person receiving salary payments for work performed in a regularly established position and, if employed by a city or special district, employed in a covered group.
According to the department, while state-employed CETA participants are considered `OPS — Other Personnel Services' and are not considered filling regularly established positions by the state, many local governmental CETA participants are covered by the definition of officer or employee and are required by state law to participate in the Florida Retirement System, Ch. 121. While coverage of this latter class of local participants is required by state law, the revised federal regulation in question,29 C.F.R. § 98.25, conflicts with Ch. 121 in the manner in which administration of the fund is prescribed.
Specifically, Ch. 121, F. S., provides for purchase of retirement credits retroactively only for certain limited types of prior service. See. e.g., ss. 121.08, 121.111, and 121.121, regarding, respectively, contributions for past or prior service, military service, and leaves of absence. The purchase of prior CETA employment credits is not included under the statutes. Further, a covered employee vests membership in the Florida Retirement Service after 10 years of creditable service. Section 121.091(5). If an employee terminates his employment prior to vesting, he is entitled to a refund of contributions he paid, but no provision is made for refund of the employer's contributions. See AGO 074-331.
Further, I am unaware of any provision of the Florida Constitution or state statute which would permit the Governor or other executive authority to implement the procedures required by29 C.F.R. § 98.25 independent of the Legislature. Attorney General Opinions 075-62 and 076-51. To the contrary, before the procedures outlined in 29 C.F.R. § 98.25 could be met by the State of Florida, legislative action in the form of amendments to Ch, 121, F. S., would be required.
Your question is, therefore, answered in the negative.
Prepared by: Sharyn L. Smith Assistant Attorney General